**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ANGELIQUE BRANCH and**
**SHAMBERISHA HERNDON**                                                       **PLAINTIFFS**

**v.**                                                      **CAUSE NO.:** <u>4:18CV250-DMB-RP</u>

**CARROLL COUNTY, MISSISSIPPI, SHERIFF**
**CLINT WALKER, IN HIS OFFICIAL CAPACITY,**
**and DEPUTY OFFICER ROSHAUN DANIELS, IN HIS**
**INDIVIDUAL AND OFFICIAL CAPACITY**                          **DEFENDANTS**

**COMPLAINT**
(Jury Trial Demanded)

COME NOW Plaintiffs Angelique Branch and Shamberisha Herndon (hereinafter "Plaintiff Branch," "Plaintiff Herndon," or collectively "Plaintiffs"), by counsel, and file this their *Complaint* against Defendants Carroll County, Mississippi, Sheriff Clint Walker, In His Official Capacity, and Deputy Officer Roshaun Daniels, In His Individual and Official Capacity (hereinafter "Defendant County," "Defendant Sheriff Walker," "Defendant Deputy Daniels," or collectively "Defendants"), and allege the following:

<u>**PARTIES**</u>

1. Plaintiff Branch is an adult resident citizen of the State of Mississippi, residing at 130 CR 232 Carrollton, MS 38917.

2. Plaintiff Herndon is an adult resident citizen of the State of Mississippi, residing at 250 CR 148, Carrollton, MS 38917.

3. Defendant County is a state entity which can be served with process by service on the Chancery Clerk, Stanley Mullins, located at 600 Lexington Street, Carrollton, MS 38917.

4. Defendant Sheriff Walker, employed with Carroll County, is an adult resident citizen of Mississippi, and he may be served with process at his place of employment, located at 105 Washington St, Carrollton, MS 38917.

5. Defendant Deputy Daniels, employed with Carroll County, is an adult resident citizen of Mississippi, and he may be served with process at his place of employment, located at 105 Washington Street, Carrollton, MS 38917.

## JURISDICTION and VENUE

6. This Court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

7. This Court has *in personam* jurisdiction over the Defendants in that all defendants are residents of and/or do business in Carroll County, Mississippi, and involves a constitutional question.

8. Jurisdiction of this court also arises under 28 U.S.C. §1331, 1343(a), 42 U.S.C. §1983, 1985, 1986, and 1988; and 18 U.S.C. §1961-1968.

9. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which give rise to these claims occurred in Carroll County, Mississippi.

## UNDERLYING FACTS

10. On or about December 23rd, 2017, Plaintiffs were traveling northbound on Lexington Street in Carrollton, Mississippi when they noticed Defendant Deputy Daniels following extremely close to the bumper of their vehicle.

11. Plaintiff Angelique (driver) approached the stop sign at the intersection of Washington Street and Lexington Street near the Scott's Gas Station, and stopped her vehicle.

12. Defendant Deputy Daniels immediately collided with the rear of Plaintiffs' vehicle. Defendant Daniels had no active sirens or lights at the time of this collision.

13. Plaintiff Angelique parked and exited her vehicle to observe the damages and inquire to Deputy Daniels why he struck her vehicle. Defendant Deputy Daniels did not contact any backup or report that an accident had occurred. Instead, Defendant Deputy Daniels became very physical with Angelique, pushing and pulling her for asking him why he hit their vehicle.

14. Plaintiff Shamberisha exited the vehicle to see what was going on, and Defendant Daniels began to do the same thing to her as well. As a result, Shamberisha called 911 to request backup and report the misconduct of Deputy Daniels.

15. This was the second act of harassment towards Plaintiff Angelique. Despite the fact that Shamberisha called 911, it was not until after three additional calls did any other deputy arrive to the scene to assist.

16. To date, Plaintiffs have no explanation as to why their vehicle was struck from the rear, why Deputy Daniels was following too close, and why he began to both physically and verbally assault them.

17. Based upon information and belief, Defendant Deputy Daniels was an employee of Defendant County, at the time of the subject incident under the direct supervision of Defendant Sheriff Walker.

18. As a result of Defendants' negligence, Plaintiffs sustained injuries and damages.

**COUNT ONE**
**INJUNCTION PROHIBITING FUTURE CONDUCT**

**OF A SIMILAR CHARACTER, KIND OR NATURE**

19. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

20. The Plaintiffs are entitled to, and hereby request, an injunction prohibiting the Defendants from committing conduct of the like, kind, character, and nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of the this Honorable Court.

**COUNT TWO**
**VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. §1983 AND 28 U.S.C. §1343 et al.**

21. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

22. Plaintiffs' would show unto the Court that the Defendants, with reckless disregard for Plaintiffs' rights, took actions to deprive Plaintiffs of their due process rights and equal protection rights.

23. Plaintiffs suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

**COUNT THREE**
**EXCESSIVE FORCE**

24. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

25. Plaintiffs would show unto the Court the Defendants took actions to deprive Plaintiffs of their 4th Amendment protection against excessive force.

**COUNT FOUR**
**CIVIL ASSAULT AND BATTERY**

26. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

27. The Defendants are liable for civil assault and battery. The Plaintiffs allege that the Defendant Deputy Daniels intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon their minds, spirits, and bodies by forcefully pushing and pulling them subsequent to striking their vehicle from the rear. Defendants have caused the Plaintiffs to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

28. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

29. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FIVE
## NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE DEPUTIES INVOLVED.

30. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

31. The Defendants Carroll County and Sheriff Clint Walker, were grossly negligent and/or wanton in failing to monitor the actions of Defendants Daniels. They further negligently and/or wantonly failed to train the aforementioned Defendants Daniels to properly protect, investigate, interrogate, or detain the Plaintiffs and other similarly situated individuals. The Defendants negligently and/or wantonly failed to properly follow and/or apply their own city and law enforcement rules ordinances regulations, policies and

procedures, as well as state law generally. The Carroll County and Sheriff Clint Walker failed to properly supervise the actions of Defendants Daniels. Defendant County failed to properly supervise the actions of Defendant Daniels.

32. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT SIX**
**INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

33. The Plaintiffs re-allege and incorporate all of the preceding paragraphs as if set forth fully herein.

34. The Plaintiffs allege that the Defendants intentionally, negligently and with reckless disregard inflicted extreme emotional distress upon their minds, spirits, and bodies. By condoning and/or ratifying the acts of the deputy involved, the Defendants have caused the Plaintiffs to suffer from emotional problems and mental anxiety.

35. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, and to disregard the Plaintiffs' rights to the detriment of the Plaintiffs.

36. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT SEVEN**
**RECKLESS DISREGARD**

37. The Plaintiffs re-allege and incorporate all of the preceding paragraphs as if set forth fully herein.

38. Plaintiffs would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of Plaintiffs.

## COUNT EIGHT
## NEGLIGENCE/GROSS NEGLIGENCE

39. The Plaintiffs re-allege and incorporate all of the preceding paragraphs as if set forth fully herein.

40. The Defendant, Officer Roshaun Daniels, was grossly negligent and/or acted in reckless disregard in following too closely, failing to keep proper lookout for other objects on the roadway, and failing to drive properly. Defendant Daniels further acted gross negligently and/or acted in reckless disregard in failing to protect Plaintiffs and other similarly situated individuals.

41. As a direct and proximate result of the Defendants' negligent, grossly negligent, and/or reckless acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## PRAYER FOR APPROPRIATE RELIEF

42. The Plaintiffs re-allege and incorporate all of the preceding paragraphs as if set forth fully herein.

43. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiffs have suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

44. All Defendants are jointly and severally liable to the Plaintiffs for the damages: injuries to neck, back, and body as a whole, past, present and future pain, suffering and mental and emotional anguish, and all other damages to be proved at trial.

45. The Plaintiffs bring this action against all Defendants and demand judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

46. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiffs and others similarly situated as to the amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiffs to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiffs respectfully pray for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi law, pre-judgment interest, post-judgment interest, attorney's fees, *Veasley* type damages, and all costs of this proceeding with such final amount being at least $1,000.000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state or federal law and guidelines.

Respectfully submitted, this the 11th day of December, 2018.

**ANGELIQUE BRANCH, et al., Plaintiffs**

**By:**    _/s/ Carlos E. Moore_____
        **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com