IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ANGELIQUE BRANCH and**                                                                   **PLAINTIFFS**
**SHAMBERISHA HERNDON**

**V.**                                                                    **NO. 4:18-CV-250-DMB-RP**

**CARROLL COUNTY, MISSISSIPPI;**
**SHERIFF CLINT WALKER, in his**
**official capacity; and DEPUTY OFFICER**
**ROSHAUN DANIELS, in his individual**
**and official capacity**                                                      **DEFENDANTS**

**ORDER**

On October 23, 2019, the plaintiffs filed a response to the defendants' motion for summary judgment. Doc. #49. *Six* separate exhibits were attached to the response. Docs. ##49-1 to 49-6. On March 23, 2020, this Court struck the plaintiffs' response because it did not comply with the Local Civil Rules. Doc. #52. The plaintiffs were given the opportunity to refile their response but were expressly instructed that "[i]f refiled, … no new or different exhibits may be filed with the response." *Id*. at 2.

The plaintiffs refiled their response on April 3, 2020. Doc. #53. *Five* separate exhibits are attached to their refiled response. Docs. ##53-1 to 53-5. Not only is there one less exhibit than what was attached to the plaintiffs' now-stricken October 23 response, a review of the five exhibits reveals they are not the same documents originally filed. Specifically, entire depositions are attached rather than the deposition excerpts attached to the plaintiffs' initial response, *compare* Docs. ##53-1 to 53-3 with Docs. ##49-1 to 49-3; the plaintiffs' complaint was added as an exhibit, s*ee* Doc. #53-5; and there is no longer an exhibit comprised of Branch's medical records or an

exhibit consisting of a policy and procedure manual.[1] Because the plaintiffs failed to comply with the instructions in the March 23 order, their refiled response [53] is **STRICKEN**. Within seven days from the entry of this order, the plaintiffs may refile their response **in compliance with the March 23 order**.[2]

While reviewing the exhibits, the Court noticed that certain of the plaintiffs' exhibits contained personal and sensitive information. Since the plaintiffs' original response and refiled response have been stricken, the exhibits containing personal and sensitive information [49-4][49-5][53-4] are **RESTRICTED** to access only by the parties.[3]

**SO ORDERED**, this 30th day of April, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] These failures undoubtedly caused the inconsistency in the letter designations of some exhibits. For instance, Herndon's medical records were initially filed as Exhibit E, *see* Doc. #49-5, but were refiled as Exhibit D, *see* Doc. #53-4.

[2] To the extent any refiled documents contain personal and sensitive information, the plaintiffs may want to consider redacting such information. It is the responsibility of the parties and their counsel, not the Court, to protect personal and sensitive information. *See* L.U. Civ. R. 5.2.

[3] The Court has discretion to seal judicial records after "balanc[ing] the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 847 (5th Cir. 1993). The plaintiffs' strong interest in protecting their personal information outweighs the minimal effect on the public's right of access, particularly since the documents have been stricken.